

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2019

*86 Chambers Street*
*New York, New York 10007*

March 15, 2019

**BY ECF**
Hon. Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, New York  10007

      Re:    *American Civil Liberties Union et al. v. Office of the Director of National Intelligence, et al.*, 18 Civ. 12131 (LGS)

Dear Judge Schofield:

      Pursuant the Court's order of February 13, 2019 [Docket No. 29], I write respectfully to provide a proposed schedule on behalf of defendants Office of the Director of National Intelligence, National Security Agency, Central Intelligence Agency, and Department of Justice (together the "Agencies") for the next steps in the above-referenced Freedom of Information Act ("FOIA") action.  Furthermore, the Agencies respectfully request a two-week extension *nunc pro tunc* for filing their answer in this case, to which plaintiffs consent.

      The Agencies are currently conducting their searches for the documents requested in plaintiffs' FOIA requests.  They expect to complete their searches by the end of March.  After the conclusion of the searches, once the volume and nature of responsive material is determined, the Agencies intend to promptly propose a processing schedule for these materials, which will likely be complicated due to the need for inter-agency consultations and because many of the responsive materials are classified.  The Agencies thus propose that the parties submit an agreed processing schedule to the Court (or, if they cannot agree, their respective proposals) no later than April 15.  In their separate letter, plaintiffs suggest that the parties submit a proposed processing schedule to the Court by March 26, which is several days *before* the Agencies will have completed their searches, let alone have had an opportunity to review the responsive documents to make a preliminary determination as to how long their processing will take. Requiring the Agencies to estimate their processing schedules before their document searches are complete will only result in overcautious (*i.e.*, longer) estimates due to the uncertainties associated with the not-yet-complete searches. Moreover, plaintiffs' proposed schedule would not leave sufficient time for discussions among the parties towards agreeing on a processing schedule.  The Government thus respectfully submits that there is no basis for plaintiffs' proposed schedule.

With regard to the answer in this case, which was due earlier this week, on March 12,[1] the undersigned counsel apologizes to the Court and the plaintiffs for missing this deadline due to a miscalendaring, and respectfully requests a two-week *nunc pro tunc* extension—to March 26—to file the answer. Plaintiffs have indicated that they agree to this request.

I thank the Court for its consideration of these matters, and will be available to discuss them at the upcoming conference in this case, which is scheduled for March 19, at 10:30 a.m.

> Respectfully,
>
> GEOFFREY S. BERMAN
> United States Attorney
>
> By:   \_\_s/Jean-David Barnea_____
> JEAN-DAVID BARNEA
> Assistant United States Attorney
> Telephone: (212) 637-2679
> Email: Jean-David.Barnea@usdoj.gov

cc:   Counsel for plaintiff (by ECF)

Application GRANTED. This application is untimely. Nevertheless, the deadline for Defendants to answer or otherwise respond to the Complaint is hereby extended to March 26, 2019. By April 15, 2019, the parties shall file on ECF their joint processing schedule. The conference scheduled for March 19, 2019, is hereby canceled.
Dated: March 18, 2019
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiffs' initial complaint was filed on December 21, 2018, Dkt. No. 1, and received by the U.S. Attorney's Office on January 4, 2019; their amended complaint was filed on January 14, 2019, Dkt. No. 17, and received by the U.S. Attorney's Office on January 22, 2019. Pursuant to 5 U.S.C. § 552(a)(4)(C), government agencies must respond to FOIA complaints within 30 days after service of the complaint. According to Federal Rule of Civil Procedure 15(a)(3), the time to respond to an amended complaint is fourteen days from the service of the amended complaint or within the deadline for responding to the original complaint, whichever is later. Thus, the Agencies' answer to the amended complaint was originally due on February 5, 2019 (14 days after service of the amended complaint). However, due to the lapse of congressional funding for the Department of Justice, Dkt. No. 25, this deadline was extended by 35 days, to March 12, 2019.